**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| ROSAMARIA CASTELLANO, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:22-cv-00038 |
| ALLENWOOD & ASSOCIATES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** ROSAMARIA CASTELLANO ("Plaintiff"), by and through her under signed counsel, complaining of ALLENWOOD & ASSOCIATES, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4.      Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.      Defendant is a debt collection agency with its principal address located in Kennmore, NY 14216.

6.      The principal purpose of Defendant's business is the collection of defaulted consumer debts.

7.      Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

### FACTS SUPPORTING CAUSES OF ACTION

8.      On or around ten years ago, Plaintiff obtained a Juniper credit card intended for personal use ("subject account").

9.      On or around four years ago, Plaintiff completed a settlement arrangement with another company called EMG to pay off the subject account.

10.     Plaintiff was informed

11.     On or around October 2021, Defendant began placing outgoing collection calls to Plaintiff telephone number ending in 8720.

12.     Specifically, Defendant was attempting to collect an alleged balance of $6,000 owed to subject account.

13.     At some point while speaking with Defendant, Plaintiff was told if she failed to contact its offices regarding the alleged subject account then Plaintiff's subject account would be

forwarded to an attorney where she would receive a wage verification for possible wage garnishment.

14.     Accordingly, Texas statute of limitations prohibits a debt collector from suing a consumer for an open credit account is four years based off of the consumer's last payment.

15.     As previously mentioned, Plaintiff obtained the subject account nearly ten years ago with the last possible payment completed on or around four years ago, surpassing the state statute of limitations.

16.     Moreover, on January 10, 2022, Plaintiff answered Defendant's incoming telephone and requested that all calls cease.

17.     Unfortunately, Defendant's harassing collection calls continued.

18.     On February 10, 2022, Defendant placed an outgoing call to Plaintiff's cellular phone and left a message detailing her bothers name, "Carlos Castellano."

19.     After hearing Defendant's message, Plaintiff was concerned why Defendant would ask to speak with her brother and placed a call back to gather more information.

20.     However, upon reaching Defendant, Plaintiff was informed that Defendant was only attempting to reach Plaintiff regarding the subject account.

21.     Plaintiff believes that Defendant falsely led her to assume it was attempting to reach her bother in order to force a call back to discuss the time barred subject account against Plaintiff's wishes.

22.     During the February 2022, call Defendant explained that Plaintiff's failure to pay subject account would result in Defendant repossessing Plaintiff's 2013 Ford Explorer and home.

23.     Plaintiff was concerned by Defendant's language used and was fearful that she would be sued for a debt.

24.     The subject account is time-barred; the statute of limitations period in Texas for filing suit to collect on subject account had long expired when Plaintiff received Defendant's threats.

25.     During each communication with Plaintiff, Defendant intentionally omitted language regarding its own inability to sue Plaintiff for the subject account in order to lure Plaintiff into making payment towards a debt she can no longer be sued for.

26.     It is well settled law in Texas that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

27.     Furthermore, in mid-February of 2022 Defendant explained that they had sued Plaintiff.

28.     Plaintiff feared that she was sued for a debt that she already paid.

29.     However, to date, Plaintiff has been unable to locate any lawsuit filed against her.

30.     Defendant's collection efforts were materially misleading, deceptive, and threatening on its face.

31.     Defendant's collection efforts were a calculated effort to dragoon consumers into restarting the statute of limitations with no explanation or reference that making a payment would restart the statute of limitations.

32.     In the event that Plaintiff makes a payment towards the subject debt, the clock will restart on the statute of limitations period for collecting upon the subject debt, either by Defendant upon a change in its policies or by another creditor in the future.

33.      Defendant offers no assurances as to its choice to forego enforcement of the statute of limitations since the statute of limitations may be revived by another debt collector.

4

34.     Defendant's communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are time-barred.

35.     Defendant's harassment techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay time-barred debts in order avoid further harassment, embarrassment, and sheer annoyance.

36.     Plaintiff has suffered from emotional distress, as she believed that she would be sued for a debt for which she cannot be sued.

37.     Defendant's false representations and misleading conduct have severely disrupted Plaintiff's daily life and general well-being.

38.     Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was lead to believe she would be sued for the subject debt.

39.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

41.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42.     The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

44.     Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

45.     Defendant used the telephone and mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

46.     Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

47.     Defendant violated 15 U.S.C. §§1692d, d(5), e, e(2), e(5), e(10), and f through its unlawful debt collection practices.

**a.  Violations of FDCPA § 1692d**

48.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct during the October telephone call it placed to Plaintiff as it attempted to collect subject account.

49.     Specifically, Defendant threated Plaintiff with wage garnishment, vehicle repossession and to take her home if Plaintiff did not complete a payment toward subject account.

50.     Defendant's actions were abusive on its face, as the subject account was a time-barred account where Plaintiff cannot be sued for.

51.     Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

52.     Defendant violated §§ 1692d and d(5) when it placed numerous unwanted and unconsented to collection calls to harass Plaintiff into making a payment towards the subject account after Plaintiff requested that the phone calls cease.

53.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

54.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**b.  Violations of FDCPA § 1692e**

55.     Defendant violated §1692e, e(2), e(5) and e(10) by falsely, misleadingly, and deceptively telling Plaintiff a lawsuit was being filed against her, when in fact no lawsuit was filed or intended to be filed.

56.     Defendant falsely threatened Plaintiff with wage garnishment, vehicle repossession and to take her home even though it could not legally enforce such action, solely for the purpose of bullying Plaintiff into making a payment on the subject account so it may restart the statute of limitations on the time-barred debt for further collection efforts.

57.     Moreover, Defendant fails to mention that if Plaintiff completes a payment for subject account that could revive the debt against the statute of limitations for further collection efforts.

58.      By failing to make clear that Plaintiff cannot be sued by Defendant on the subject debt led Plaintiff to believe that she may eventually be sued on the subject debt.

**c.  Violations of FDCPA § 1692f**

59.     Defendant violated §1692f by engaging in unfair means in an attempt to collect on the subject debt.

60.    It was unfair for Defendant threaten to take legal action it could not enforce because of the age of the time-barred debt.

61.    In addition, Defendant violated 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by failing to disclose that Defendant cannot sue to collect the alleged debt.

62.    Due to Defendant's actions, it was nearly impossible for Plaintiff to decipher who can or cannot sue her for the subject debt.

63.    Moreover, Defendant had been told by Plaintiff to stop calling her. Nevertheless, it persisted with its phone call campaign to harass Plaintiff into a payment knowing that its conduct was inconvenient and harassing to Plaintiff.

64.    As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts through never-ending harassing phone calls to the phones of consumers in an attempt to collect on debts.

**WHEREFORE**, Plaintiff ROSAMARIA CASTELLANO respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

65.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

66.     Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

67.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's request that the collection calls cease.

68.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on subject account.

69.     The fact that Defendant placed numerous to Plaintiff's cellular phone *after* Plaintiff revoked is illustrative of Defendant's intent to harass Plaintiff.

70.     As pled above, Plaintiff was severely harmed by Defendant's abusive collection practices.

**Intentionally Left Blank**

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

    a.   Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 24, 2022                       Respectfully Submitted,

                                               /s/ Victor T. Metroff
                                               Victor T. Metroff, Esq.
                                               Mohammed O. Badwan, Esq.
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Suite 200
                                               Lombard, IL 60148
                                               (630) 575-8180
                                               vmetroff@sulaimanlaw.com
                                               mbadwan@sulaimanlaw.com